## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| PRICILLA FELGER<br>408 Clark Street<br>Toledo, OH 43605, | ) ) ) ) | CASE NO.  3:23-cv-161<br><br>JUDGE |
| PLAINTIFF, | ) ) | **COMPLAINT** |
| v. | ) ) | (jury demand endorsed hereon) |
| THE METAL WARE CORPORATION<br>1700 Monroe Street<br>Two Rivers, WI 54241, | ) ) ) ) ) | |
| DEFENDANT. | ) | |

Plaintiff, by and through her undersigned counsel, alleges the following:

## PARTIES

1. Plaintiff Pricilla Felger, at all times relevant hereto, was a resident at 408 Clark Street, Toledo, OH 43605.

2. Defendant The Metal Ware Corporation is a business organized and existing under the laws of the State of Wisconsin, with a principal place of business at 1700 Monroe Street, Two Rivers, WI 54241.

## JURISDICTION

3. This Honorable Court has jurisdiction with respect to the claims set forth herein pursuant to 28 U.S.C. § 1332, in that diversity of citizenship exists between all the parties and the amount in controversy exceeds $75,000.00.

## VENUE

4. Venue is proper in this District and Division under 28 U.S.C. §1391(b)(2) in that the tortious conduct at issue occurred in this District and Division.

## FACTS

5.  The preceding paragraphs are hereby realleged as if fully stated herein.

6.  Defendant The Metal Ware Corporation (hereinafter "Metal Ware") designs, manufactures, markets, imports, distributes and sells a wide range of consumer kitchen products, including the "NESCO® Multi-Function Digital Pressure Cooker." The NESCO® Multi-Function Digital Pressure Cooker is the device giving rise to this lawsuit.

7.  Defendant touts that the NESCO® Multi-Function Digital Pressure Cooker (hereinafter the "Pressure Cooker") is equipped with features such as a cover with a locking lid that "safely traps steam inside," as well as "multiple built-in safety features [that] control and regulate the pressure continuously and allow you to cook without worry."

8.  Despite Defendant's claims, it designed, manufactured, marketed, imported, distributed, and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. These defects cause significant risk of bodily harm and injury to its consumers, and Defendant knew or should have known of these defects.

9.  Specifically, the Pressure Cooker has defects that permit the lid of the pressure cooker to explode off and/or be removed while the device is pressurized with heat and steam still inside the unit. When the lid is removed and/or blown off under these circumstances, the extreme pressure trapped within the unit causes the scalding hot contents inside to be projected from the unit and into the surrounding area, including onto unsuspecting consumers.

10. On April 28, 2022, Plaintiff Pricilla Felger was using the device to cook. She went into her kitchen to check on the progress and the device's digital display communicated that there was still cooking time left. As a result of the aforementioned defects, without any contact

or interaction on Ms. Felger's part with the Pressure Cook whatsoever, and without any advance warning, the Pressure Cooker's lid exploded off the top. The contents inside the device simultaneously exploded and covered Ms. Felger, causing her to sustain significant burns and substantial bodily injuries.

11. Defendant knew or should have known of these defects but puts profit ahead of safety by continuing to sell the Pressure Cooker to consumers, failing to warn consumers of the serious risks posed by the defects, and failing to recall the dangerously defective Pressure Cooker regardless of the risk of significant injuries to Plaintiff and consumers like her.

12. Defendant ignored and/or concealed its knowledge of these defects in the Pressure Cooker from Ms. Felger, as well as the general public, in order to continue to generate profit from the sale of the Pressure Cooker. This behavior demonstrates a conscious disregard for the obvious and foreseeable health and safety risks posed to the public, which they knew would occur and which did occur to Ms. Felger.

13. As a direct and proximate result of Defendant's conduct, Plaintiff suffered significant, painful, and permanent bodily injuries, in addition to incurring medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

**FIRST CLAIM FOR RELIEF**
**STRICT LIABILITY**

14. All the preceding paragraphs are realleged herein.

15. The NESCO® Multi-Function Digital Pressure Cooker was defective and proximately caused Plaintiff's injuries in one or more of the following ways:

    a. The Pressure Cooker was designed and formulated with foreseeable risks that exceeded the benefits associated with the Pressure Cooker's design and formulation;

b. The Pressure Cooker was manufactured so that at the time it left the control of Metal Ware, it deviated in a material way from:

    i. its design specification(s), formula and/or performance standards; and/or

    ii. otherwise identical units manufactured to the same design specifications, formula, or performance standards;

c. The Pressure Cooker was not properly tested to identify the unreasonable hazard of exploding under pressure;

d. The Pressure Cooker was not accompanied by adequate warnings or instructions, and when the product left the control of Metal Ware, Metal Ware both:

    i. knew or, in the exercise of reasonable care, should have known about the defective lid/pressurizing system; and

    ii. failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning the exploding lid under pressure, in light of the likelihood that the Pressure Cooker would cause the harm Plaintiff suffered and in light of the likely seriousness of that harm;

e. The Pressure Cooker was not accompanied by adequate post-marketing warnings or instructions because at a relevant time after it left Metal Ware, Metal Ware:

    i. knew or in the exercise of reasonable care should have known about the defective lid and pressurizing system associated with the product; and

    ii. failed to provide the post-marketing warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the Pressure Cooker would cause the harm Ms. Felger suffered and in light of the likely seriousness of that harm;

f.  The product failed to conform to representations made by Metal Ware when it left its control, which were justifiably relied on by Ms. Felger; and

g.  At the time the Pressure Cooker left Defendant's control, Defendant breached its duties to provide a product of good and merchantable quality and fitness for its intended use.

16. As a direct and proximate result of the defective nature of the Pressure Cooker, as described above, and of the Defendant's negligence as described below, Plaintiff Pricilla Felger sustained severe burns to her body. These injuries have caused Plaintiff to suffer acute and chronic pain, emotional distress and worry, interference with normal and usual activities of daily living, and loss of life and enjoyment, some or all of which are permanent in nature, all to her non-economic damage. She has undergone several procedures and has scarring from both the burns and the subsequent procedures.

17. Ms. Felger's injuries are a direct and proximate result of the defects inherent in the Pressure Cooker, including the faulty lid, which is not safe or secure even after Ms. Felger followed all the directions provided by Defendant, as well as the pressurizing system, which allows the device to excessively pressurize to the point where the lid explodes.

18. Ms. Felger's injuries constitute substantial and permanent physical deformities and disfigurement.

19. As a further direct and proximate result of the above-mentioned defective nature of the Pressure Cooker, as described above, and of the negligence of the Defendant as described below, Plaintiff has incurred past medical expenses. Some or all of Plaintiff's injuries are permanent, and Plaintiff will additionally incur medical expenses into the future in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for damages against the Defendant, in a sum more than Seventy-Five Thousand Dollars ($75,000.00), together with the costs of this action.

Respectfully submitted,

*/s/ Jeffrey M. Heller*

_____

Jeffrey M. Heller, Esq. (0087795)
NURENBERG, PARIS, HELLER &
MCCARTHY CO., LPA
600 Superior Avenue E., Suite 1200
Cleveland, OH 44114
P: 216.621.2300
F: 216.771.2242
E: jheller@nphm.com

Attorney for Plaintiff
*Pricilla Felger*

## JURY DEMAND

Plaintiff demands a trial by jury with the maximum allowable jurors under the law.

*/s/ Jeffrey M. Heller*

_____

Jeffrey M. Heller, Esq. (0087795)
NURENBERG, PARIS, HELLER &
MCCARTHY CO., LPA

Attorney for Plaintiff
*Pricilla Felger*